IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORMAN SHELTON,           )
          Petitioner,     )     **C.A. No. 24-225 Erie**
                          )
        v.             )     **District Judge Susan Paradise Baxter**
                          )     **Chief Magistrate Judge Richard Lanzillo**
PA BOARD OF PROBATION &    )
PAROLE,               )
          Respondent.   )

**MEMORANDUM ORDER**

This *pro se* action for habeas corpus relief was filed by Petitioner Norman Shelton, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), who is serving a parole violation sentence imposed by the Pennsylvania Board of Probation & Parole ("Parole Board") that has a maximum sentence date of June 21, 2037. In his habeas petition, Petitioner seeks relief under 28 U.S.C. § 2254, challenging the calculation of his maximum sentence date. The petition was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The record indicates that on March 8, 1983, Petitioner was convicted in the Court of Common Pleas of Philadelphia County, Pennsylvania of robbery, criminal conspiracy, and firearms charges, and was sentenced to serve an aggregate term of 7½ to 30 years' imprisonment. After being released on parole, Petitioner was arrested on federal charges of armed bank robbery and related offenses in September 1992. Following a conviction on those charges, Petitioner was sentenced to serve 322 months of incarceration.

1

After Petitioner completed his federal custodial sentence on April 14, 2017, he was then returned to the custody of the Parole Board to be tried for violation of parole. On September 19, 2017, the Parole Board revoked Petitioner's parole and established a maximum sentence date of June 21, 2037.

On May 5, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania, challenging the Parole Board's recalculation of his maximum sentence date. See Shelton v. PA Board of Probation & Parole, 2022 WL 20718455, at *1 (E.D. Pa. Sept. 16, 2022). This petition was ultimately dismissed as untimely, procedurally defaulted, and non-cognizable by Order of the Eastern District Court dated September 29, 2023. See Shelton v. Board of Probation & Parole, 2023 WL 6391695 (E.D. Pa. Sept. 29, 2023).

While his first petition was pending, Petitioner filed a second § 2254 petition with this Court challenging the recalculation of his maximum sentence as an "abuse [of the] separation of power doctrine." See Shelton v. PA Board of Probation & Parole, Case No. 1:22-cv-287 (W.D. Pa. 2022). This Court dismissed the petition for lack of jurisdiction as an unauthorized second or successive petition, by Memorandum Opinion & Order dated May 18, 2023.

Petitioner then filed a third § 2254 petition with this Court, again challenging the Parole Board's recalculation of his maximum sentence, which petition was also dismissed as an unauthorized second or successive petition. See Shelton v. Commonwealth of Pennsylvania Board of Probation and Parole, Case No. 23-cv-100 (W.D. Pa. 2023). The Third Circuit Court of Appeals subsequently denied Petitioner's request for a certificate of appealability on June 7, 2024. Id. at ECF No. 30.

Petitioner filed the instant habeas petition on August 14, 2024, once again challenging the Parole Board's recalculation of his maximum sentence, without having first sought or received authorization to pursue a second or successive habeas petition from the Third Circuit Court of Appeals. As a result, on January 8, 2025, Respondent filed a motion to dismiss the petition as an unauthorized second or successive petition, pursuant to 28 U.S.C. §2244(b). [ECF No. 15].

On June 27, 2025, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Respondent's motion to dismiss be granted, that the instant petition be denied, and that a Certificate of Appealability be denied, without prejudice to Petitioner's right to seek authorization to file a second or successive petition from the Court of Appeals for the Third Circuit. [ECF No. 23]. Objections to the R&R were due to be filed by June 14, 2025; however no timely objections have been received by the Court.

After *de novo* review of the petition and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 21st day of July, 2025;

IT IS HEREBY ORDERED that Respondent's motion to dismiss [ECF No. 15] is GRANTED, the within petition for a writ of habeas corpus is DENIED, and that a Certificate of Appealability is also DENIED, without prejudice to Petitioner's right to seek authorization to file a second or successive petition from the Court of Appeals for the Third Circuit, if he so desires. In the event Petitioner is able to receive such authorization, he will then have the right to file a new petition with this Court at a new docket number. The report and recommendation of Chief Magistrate Judge Lanzillo, dated June 27, 2025 [ECF No. 23], is adopted as the opinion of this Court.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge


cc:     The Honorable Richard A. Lanzillo
        Chief United States Magistrate Judge

        All parties of record

4